## AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

District Court, S. D. New York.

Dec. 11, 1942.

William C. Chanler, of New York City, (Leo Brown and Albert S. Hartman, both of New York City, of counsel), for City of New York.

Robert C. Birkhahn, of Lawrence, N. Y., for respondent George F. Salomon.

HULBERT, District Judge.

This motion concerns an action entitled:

"Supreme Court, New York County
George F. Salomon,
 Plaintiff
vs.
City of New York,
 Defendant."

The State Court suit was commenced on June 1, 1942, to recover the sum of $21,840 and is predicated upon the alleged ownership by the plaintiff since about Nov. 4, 1938, of 20 shares of the 7% guaranteed capital stock of Manhattan Railway Company and 300 additional shares subsequently acquired by him.

In his first cause of action plaintiff alleges that the rental dividends upon said 320 shares owing by the Interborough Rapid Transit as lessee of Manhattan's franchise and property, under a lease dated Jan. 1, 1903, have not been paid for the period October 1, 1932 to April 1, 1940, amounting to $17,360.

The second cause of action seeks recovery for $4,480 rental dividends on said 320 shares from July 1, 1940, to and including April 1, 1942.

Issue was joined on July 3, 1942, by the service of the defendant's answer which alleges, inter alia, that the issues had been heard and adjudicated by this court in this suit in equity and proceedings incidental thereto, and that by "various decrees and orders" this court has permanently enjoined the bringing of actions against the City of New York for such relief.

The history of this extensive litigation which commenced Aug. 26, 1932, is set forth in the opinion of Circuit Court Judge Swan, 122 F.2d 454 et seq., and the cases cited in the footnote on page 456.

From a careful examination and study of the pertinent documents in the voluminous record, I am satisfied that Mr. Salomon's claim has been extinguished.

He seems to rely upon the final decree in the foreclosure proceeding of Guaranty Trust Company of New York, as trustee, under mortgage made by the Interborough Rapid Transit Company, articles XII and XXIII (Receivership Record Vo. XVI, p. 13394) of which reserved for determination various matters in addition to the inter-company Interborough-Manhattan claims.

The claim proceeding culminated in an order of March 15, 1940 (R.R.Vol.XVI, p. 13706), which, as Judge Swan pointed out, established a settlement fund apportioned between the four classes of Manhattan security holders; $1,202,073.40 for the guaranteed 7% stock; and $8,346,126.20 for the modified guaranteed 5% stock. The claims were resolved and compromised by way of a class suit under Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, instituted by the trustee of the Manhattan second mortgage at the direction of a majority of the holders of the bonds thereby secured. Hearings on the questions of law and fact involved were held before Judge Patterson.

Mr. George F. Salomon did not file a claim, although notice was given to him in accordance with the terms of the order made by the court. His father, Solomon G. Salomon, did appear as the owner of guaranteed 7% stock and was a party to the appeals in the affirmance of which Judge Swan's opinion was written.

The decree confirming sales in the Interborough foreclosure matter and approving special master's deed dated June 12, 1940 (Vol. XVI, p. 14051) provided: "IV. Pursuant to an order of this Court made and entered in the above mentioned causes on Jan. 25, 1940, a hearing before this Court was held on February 20, 21 and 23, 1940, at which opportunity was given to all persons asserting claims against Interborough and counter-claims against Manhattan, arising out of the Manhattan Lease or otherwise, to present proof or argument with respect to such claims or counter-claims. By order made and entered in the above mentioned causes on March 15, 1940 this Court allowed specified amounts upon

claims and demands of every character of holders of the four classes of Manhattan securities; namely, Consolidated Mortgage Bonds, Second Mortgage Bonds, Unmodified Guaranteed 7% Stock and Modified Guaranteed 5% Stock, against Interborough, its Receiver, its Receivership estate, and its security holders; said order further provides that each holder of any of the Manhattan securities designated therein shall be entitled to his pro rata share of the amount allocated to the class of securities which he holds. The aforesaid order of March 15, 1940 further provides that all mortgaged and unmortgaged property of Interborough described in and directed to be sold by the Final Decree should be forever discharged from and held free and clear of the claims which are set out in detail in said order, and are also set out in Article XII and Article XXIII, of the Final Decree."

Paragraph fifth of said decree (R.R.Vol. XVI, p. 14060) provided that upon the transfer of the properties by deed to the purchasers or their assignees, the latter should hold the properties free of all claims in and to the same of the Interborough and its creditors, and all persons claiming through such persons, and free from the lien of the Interborough first and refunding mortgage, subject only to claims and demands and liens set forth in Articles XII and XXIII of the foreclosure decree except to the extent that such claims had been compromised or settled by the order of March 15, 1940, "which order settled the reciprocal claims of Interborough and Manhattan, hereinabove referred to in Paragraph IV hereof." (p. 14062)

Paragraph ninth of said decree (p. 14064) enjoins: "all creditors and stockholders of, and claimants against, Interborough" from (1) prosecuting against the purchasers or assigns any suit or proceeding arising out of or based on any obligation or liability of Interborough or otherwise, or (2) seeking to impose liability on any property sold pursuant to the final decree, or (3) seeking to charge the purchasers or assigns, or any property sold pursuant to the final decree with any liability on "or in respect of, any matter adjudicated by the Final Decree, except in subordination to the Final Decree."

In a supplemental affidavit filed by Solomon G. Salomon, he points out that finding III of the decree confirming sales contains, among others, the following provision: "The City shall succeed to and assume the respective positions and obligations of the Interborough Company and of the Manhattan Company under any and all Existing Agreements." (See article 6, Par. 3 of Plan adopted by Transit Commission August 29, 1939.)

The meaning of this provision is specifically defined in the plan of unification and it seems clear to me does not vitalize the claim here involved.

 The motion to restrain the further prosecution of the State Court action is granted. Settle order on two days' notice.